W. W. Davenport v. Commissioner. H. Marie Davenport v. Commissioner.
W. W. Davenport v. Commissioner
Docket Nos. 19435, 19436.
United States Tax Court
1950 Tax Ct. Memo LEXIS 280; 9 T.C.M. (CCH) 88; T.C.M. (RIA) 50034; February 8, 1950
*280 Held, that certain payments made to petitioner by virtue of his retirement from active duty with The Travelers Insurance Company are not exempt from tax under section 22(b)(5), I.R.C., as accident or health insurance or as compensation for personal injuries or sickness. W. W. Davenport, pro se. D. Louis Bergeron, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent held that certain payments made to petitioners by The Travelers Insurance Company constituted taxable income and determined deficiencies as follows: 1945
1946
W. W. Davenport $225 $129
H. Marie Davenport
225
129
The sole question presented is whether the payments in question were exempt from tax under favor of section 22(b)(5) of the Internal Revenue Code. [1]
*281 Findings of Fact Petitioners are husband and wife, residents of Houston, Texas, where they filed separate returns on the cash basis in accordance with the community property laws of Texas. From 1915 to October 5, 1945, W. W. Davenport (hereinafter sometimes called the petitioner) was a salaried employee of The Travelers Insurance Company, hereinafter called Travelers. After serving in various positions he became Manager of the Claims Department with offices successively in Louisville, Kentucky, Indianapolis, Indiana, Cleveland, Ohio, and Houston, Texas. In 1945 he was demoted from his Houston, Texas position and transferred to Chicago, Illinois, where he remained until September 1945. Being unable to find suitable living accommodations for his family and having become incapacitated, he was retired from active duty after more than 30 years' service, effective October 5, 1945. On July 3, 1919, Travelers issued a circular in the following form: "TO EMPLOYEES OF THE TRAVELERS INSURANCE COMPANY: "The Board of Directors of The Travelers Insurance Company has decided to liberalize the Insurance and Pension Plan initiated March 12, 1913, in order that more of the employees may *282 share in the benefits thereof by shortening the period of service prior to granting insurance. "Hereafter employees of six months' service will be provided with insurance to the extent $300of, increasing to $500 after one year's service and thereafter an additional $100 for each completed year of service, subject to the maxium of $2,500. The scale of insurance on those employees who have already been provided for will be increased $200, subject to the same maximum. There is no change in the schedule of pension benefits. "The action of the Board of Directors on June 16, 1919, is as follows: 'It being the desire of the Board of Directors to liberalize benefits to employees in the form of insurance and pensions as authorized by this Board March 10, 1913, the resolutions of March 10, 1913, are hereby rescinded and the following substituted therefor In recognition of the fact that the success of THE TRAVELERS INSURANCE COMPANY is due to a large extent to the faithful and efficient work of its employees and to encourage and perpetuate honorable, efficient work in the future as well as to recognize common interests between the Company and its employees; BE IT RESOLVED that the officers *283 of the Company are authorized to provide at the Company's expense to those employees who devote all their time to the Company's service and are compensated therefor by salary and who have completed six months of continuous service, life insurance to the extent of $300, increasing to $500 after one year's continuous service with thereafter an additional $100 for each completed year of service; and that insurance on a similar scale be provided for present employees of less than six months' service or employees subsequently placed upon the Company's payroll at the completion of the six months' period; the maximum amount of insurance in any case to be $2500, such benefits to be payable either in one sum or in instalments; and BE IT FURTHER RESOLVED that the officers of the Company be and are hereby authorized to provide for allowances during the pleasure of the Company in the nature of pensions to employees who for old age or failure of health from any cause except vicious habits shall become disabled and unable to render further service; no one to become eligible to such pension unless he shall have rendered five years' continuous service, and no pension to exceed one-half the compensation *284 received at the time of retirement and none to exceed $3,600 a year; and BE IT FURTHER RESOLVED that the Committee hereinafter referred to shall be empowered to continue salary payments or other remuneration to temporarily disabled employees in accordance with an equitable plan to be decided upon by such Committee. RESOLVED that the President is hereby authorized to appoint a Committee not exceeding four to consist of members of the official staff to pass upon the claims of qualifications of employees to share in the benefits of the insurance and pension plans authorized by the foregoing resolutions. This Committee shall have full power to determine upon the eligibility of an employee to a pension or temporary benefits and shall have full power to adjust the payment of insurance in the event of the death of an employee, including the payment of the insurance in instalments at the discretion of the Committee. RESOLVED that nothing in the foregoing resolutions shall be deemed to obligate the Company to continue or make permanent a policy or plan for insurance or pension benefits in favor of its employees, and that no employee shall by sharing at any time in the advantages of such *285 plans become thereby a permanent beneficiary thereunder or acquire a right to the continuation of either or both plans.' "Notification of the amount of insurance provided for the individual employee will be sent out by the Actuarial Department in due season. To those already provided for under the insurance plan, notification of the increase in insurance will be sent upon the next anniversary of employment, although the Company's records will indicate the new scale of insurance commencing June 16, 1919. "The Committee appointed in accordance with the foregoing resolution consists of Secretary Howard, Comptroller Pye, Actuary Morris, and Office Supervisor Read." While in the employ of Travelers, petitioner held certain disability insurance contracts. During the period subsequent to his retirement in October 1945, petitioner W. W. Davenport has been receiving approximately $197 per month disability insurance under such policies. The payments so made were not taxed by respondent. Petitioners filed separate individual income tax returns for the taxable year 1945, wherein, among other income, they reported $4,258.28 as salary received by W. W. Davenport from Travelers. The withholding *286 receipt attached to the return disclosed that petitioner had received $6,227.87 as salary during 1945, on which amount $1,054.50 tax had been withheld. Also attached to the return filed by W. W. Davenport was a letter addressed to the collector by H. Marie Davenport, which read as follows: "I am attaching 1945 returns of my husband and I under community property laws of Texas. "The following special conditions occured [occurred] during 1945 affecting these returns. "My husband has been gainfully employed for 37 years after doing two outstanding reorganization jobs in past sixteen years. His company demoted him under a man junior to him and he worried over his companies ingratitude until he is suffering from a nervous breakdown in the form of medical certificates. [certification] "His employer, the Travelers Insurance Co. sells group accidend [accident] and health insurance and naturally extend this insurance to their own employees. "He has not worked since Sept. 27th and indemnity paid him by his Co. since that date was health insurance paid by their welfare department. "The exclusion of health insurance is a new rule this year and I was advised by your local office *287 that this health insurance paid after Sept. 27th is not subject to income tax." Both petitioners filed separate individual income tax returns for the year 1946 wherein, among other items, they reported $3,392.12 as salary received by W. W. Davenport from Travelers. Withholding receipt was not attached to the return but the amount of tax withheld was reflected in the computation of tax where, in each return, the figure of $135 was noted as the amount withheld from wages. Attached to the 1946 returns were duplicate letters addressed to the collector, signed by both petitioners, which read as follows: "Enclosed separate returns of husband and wife are being submitted under reservations of our rights owing to the following circumstances. "Then [When] income from the Travelers Ins. Co. is disability retirement pay owing to permanent totall [total] disability of William Wallace Davenport details of which were previously submitted to the Collector. "Since such payments are exempt under exclusions (e) general instructions withholding is in error, object- [objection] was made but withholding was nevertheless made in the amount of $265.20 in 1946. "It is our intention to get *288 a ruling and if it is favorable to ask for a refund." In the statutory notice of deficiencies respondent advised petitioners that the taxable income for each year had been increased to reflect the amount of salary paid by Travelers and that deficiencies had been determined in the amounts first above set out. The payments received during 1945 and 1946 by petitioner W. W. Davenport were paid in accordance with the resolution of the board of directors dated June 16, 1919, as above set out. Opinion VAN FOSSAN, Judge: It is the contention of the petitioners that the payments made from October 5, 1945 to January 1, 1947 constitute "group sickness insurance compensation," and as such, were exempt under the provisions of section 22(b)(5). We do not agree. The payments of salary were made to petitioner pursuant to the resolution of June 16, 1919, which provided for group life insurance, not here involved, and further provided "allowances during the pleasure of the Company in the nature of pensions to employees who for old age or failure of health from any cause except vicious habits shall become disabled and unable to render further service; no one to become eligible to such pension *289 unless he shall have rendered five years' continuous service, and no pension to exceed one-half the compensation received at the time of retirement and none to exceed $3,600 a year; and "BE IT FURTHER RESOLVED that the Committee hereinafter referred to shall be empowered to continue salary payments or other remuneration to temporarily disabled employees in accordance with an equitable plan to be decided upon by such Committee." It is obvious that the payments in question do not fall under the second quoted paragraph, as it related to "temporarily disabled employees." Petitioner does not so qualify. Therefore, by the company's own characterization, the payments were "in the nature of pensions." The quoted section of the statute provides that certain pensions are specifically included, namely, those "for personal injuries or sickness resulting from active service in the armed forces of any country." Here the old maxim expressio unius est exclusio alterius is peculiarly apt. By no stretch of the imagination could petitioner qualify under this provision. The statute is neither ambiguous nor is it unclear in its meaning. It refers to amounts received "through accident or health insurance *290 or under workmen's compensation acts, as compensation for personal injuries or sickness." The terms used are all terms of well recognized and definite meaning. It has often been said that he who seeks an exemption from taxation must prove that he comes clearly within the terms of the statute. Petitioners have not been able so to prove their rights to an exemption. See Elmer D. Pangburn, et al., 13 T.C. 169. We affirm respondent's action in taxing the income in question. Decisions will be entered for the respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(b) EXCLUSIONS FROM GROSS INCOME. - The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * *
(5) COMPENSATION FOR INJURIES OR SICKNESS. - Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country; * * *↩